## CRAWFORD v. TYNG.

(City Court of New York, General Term. February 8, 1893.)

OPINION EVIDENCE—HYPOTHETICAL QUESTION.

In an action against an attorney for the recovery of money on contract, where the attorney, for a counterclaim, alleges professional services rendered plaintiff in prosecuting a case to a final appeal, it is improper for plaintiff to read in evidence the opinion of the appellate court, giving the reasons for its decision, and to incorporate an extract from that opinion in a hypothetical question put to an expert, on which he was to give his opinion as to the value of the services rendered, since the judgment entered on the opinion is the best evidence of the adjudication.

Appeal from trial term.

Action by Erastus Crawford against Thomas M. Tyng for the recovery of money on contract. From a judgment for plaintiff, entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McGOWN and VAN WYCK, JJ.

Alexander Thain, for appellant.

Jacob Fromme, for respondent.

VAN WYCK, J. The plaintiff's action is for the recovery of $1,000 on contract, and defendant counterclaims on contract for $1,000, the value of his professional services rendered as the attorney of record and counsel for this plaintiff in the action in the supreme court of Mayor, etc., v. Crawford, 47 Hun, 639, in which this plaintiff was the defendant. Defendant's professional services were rendered at the trial of that case at circuit, the hearing on appeal at general term, and on the hearing of the final appeal in the court of appeals. The plaintiff's most vigorous defenses at trial to this counterclaim were that the services were worth nothing, because "any lawyer who had the least skill could have decided that there was no defense" to that action, and because this defendant "had acted in bad faith" in interposing a defense for this plaintiff in that action, and in continuing such defense on appeal, first, to the general term, and then to the court of appeals, which affirmed the judgment rendered at trial against Crawford. 19 N. E. Rep. 501. The plaintiff, against defendant's objection and exception, was allowed to substantiate these defenses to the counterclaim by reading in evidence the opinion of Judge Finch of the court of appeals upon the decision affirming the judgment in Mayor v. Crawford, at folio 64; and again, at folio 94, against the same objection and exception, his counsel was allowed to incorporate an extract of over 200 words from this same opinion into a hypothetical question put to a lawyer, who was on the witness stand as an expert, as to value of the services, and upon which he was asked to give his opinion as to the value of the services rendered by defendant. This opinion read in evidence, and the extract from the same incorporated into the hypothetical question, contained Judge Finch's reasons for the decision, and these reasons, as given in the opinion, undoubtedly influenced the jury in the verdict returned against the defendant for the full amount claimed by plaintiff; and that they were so influenced it would seem to appear from the following extract of the record, at folio 179:

"Defendant's counsel: I ask you to charge that there is no evidence of bad faith on the part of Mr. Tyng in acting as counsel for Mr. Crawford. The Court: I will leave that to the jury, because of the opinion of the court of appeals. (Defendant excepts.) Defendant's counsel: I ask your honor to charge that the court of appeals make no suggestion of any bad faith on the part of counsel in defending the suit. The Court: I will leave that to the jury. (Defendant excepts.)"

This opinion, which was improperly admitted in evidence, is at best the declaration (secondary evidence) made by the court of its reasons for making the decision; and, moreover, the judge writing an opinion in a

given case is simply giving the reasons for his decision, and, even if called as a witness, will not be allowed to testify as to his reasons for reaching his decision, although he may be allowed, under certain circumstances, to testify as to what occurred before him; but the order or judgment entered on his opinion is the best evidence of the adjudication. The safest rule to follow is that the whole record is the highest evidence of what the court decided, and the record alone is binding, even if the opinion contains adverse expressions. Thus, if the opinion gives the best of reasons for holding with the plaintiff, but the judgment entered thereon is in favor of the defendant, it cannot be attacked collaterally, and will ever remain as the highest evidence of the adjudication until it is vacated or reversed. The judgment and order appealed from are reversed, and new trial granted, with costs to appellant to abide the event.